**WO**                                                                     SVK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Fabricius, | ) No. CV 06-1105-PHX-MHM (CRP) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Maricopa County, et al., | ) |
| Defendants. | ) |

Plaintiff John Fabricius, confined in Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on April 20, 2006.  On June 9, 2006, Plaintiff filed a First Amended Complaint.  On July 25, 2006, Plaintiff filed a Motion to Amend the Complaint.  The proposed amendments are not on the court-approved form. In addition, it appears from the contents of the First Amended Complaint and the proposed amendments accompanying the Motion to Amend that Plaintiff intends the First Amended Complaint and the proposed amendments to add to the original Complaint.  Accordingly, the Court will give Plaintiff 30 days to file a complete second amended complaint raising all issues that Plaintiff intends to raise in this action against all relevant Defendants.

Plaintiff has filed several motions.  Plaintiff filed an Application to Proceed *In Forma Pauperis* on June 29, 2006.  As discussed below, the Court will grant his Motion. Plaintiff has also filed a Motion to Declare Plaintiff "Pro Per;" a Motion to Renew Plaintiff's Complaints, Motions and other Filings; and a Motion to Expedite his Motion for an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order.  The Court

will deny these Motions.  Because the Court will give Plaintiff 30 days to file a second amended complaint using the court-approved form, the Court will also deny Plaintiff's Motion to Amend by filing the proposed amendments.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  The Court will assess an initial partial filing fee of $48.50. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, when a prisoner files a first amended complaint, the Court  must screen only the first amended complaint and treat the original complaint as nonexistent. Likewise, a second amended complaint would supersede a first amended complaint, and the Court would screen only the claims raised in the second amended complaint.  Claims raised in the original complaint or the first amended complaint would be waived if not raised in the second amended complaint.

### III.  Complaints

Plaintiff's original Complaint names 14 Defendants and includes 6 Counts.  The First Amended Complaint names only Defendants 15, 16, and 17 and asserts only Counts VII, VIII, and IX.  Plaintiff's recent Motion to Amend the Complaint  proposes amendments to Counts I, V, and VII; names only Maricopa County as Defendant; and does not include the other Counts or Defendants from either the original Complaint or the First Amended Complaint.  In addition, the proposed amendments are not on the court-approved form for a §1983 action.

### IV.  Leave to Amend

The Federal Rules of Civil Procedure provide that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party. . . ." Fed.R.Civ.P. 15(a).  Pursuant to Rule 15(a), the Court may grant leave to amend "freely" "when justice so requires." Id.  "The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party."  Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997).

It appears to the Court that Plaintiff misunderstood the purpose of a first amended complaint and a second amended complaint and that he believes that his First Amended Complaint and his proposed additional amendments add to the allegations in the original Complaint, rather than supersede them. Because no complaint has been served on any Defendant, permitting further amendment of the complaint will not prejudice the opposing party. The Court finds that the factors weigh in favor of permitting Plaintiff to file a second amended complaint.

Accordingly, the Court will give Plaintiff 30 days to file a second amended complaint that raises all claims that Plaintiff intends to raise in this action against all relevant Defendants.  If Plaintiff fails to file a second amended complaint, the Court will treat the original Complaint as nonexistent and screen only the allegations in the First Amended

1    Complaint pursuant to 28 U.S.C. § 1915A(a).  If Plaintiff files a completed Second Amended

2    Complaint within 30 days, the Court will screen the second amended complaint pursuant to

3    28 U.S.C. § 1915A(a).

4         The Clerk of Court will mail to Plaintiff a court-approved §1983 form.  If Plaintiff

5    fails to use the court-approved form, the Court may strike the Second Amended Complaint

6    and dismiss this action without further notice to Plaintiff.

7         Plaintiff must clearly designate on the face of the document that it is the "Second

8    Amended Complaint."  The second amended complaint must be retyped or rewritten in its

9    entirety on the court-approved form and may not incorporate any part of the original

10   Complaint or First Amended Complaint by reference.  Any cause of action that was raised

11   in the original or First Amended Complaint will be waived if it is not raised in a second

12   amended complaint.  See  King, 814 F.2d at 567. Plaintiff may include only one claim per

13   count.

14   **V.  Motions**

15        **A. Motion to Declare Plaintiff "Pro Per" and Recognize His Pro Per Status**

16        Plaintiff asks this Court to declare his "pro per" status and require Maricopa County

17   Jail to house him in a one-person cell and permit him to have various special privileges

18   related to legal materials and litigating his cases (Doc. #9).  According to the Motion, "pro

19   per" status applies when an inmate has waived his right to counsel in his criminal case and

20   is then given certain rights and privileges in the Maricopa County Jail in connection with his

21   defense of his criminal case. The Court acknowledges that Plaintiff has brought  the present

22   case *pro se*, but the Court will deny the Motion in all other respects.

23        **B. Motion to Renew Plaintiff's Complaints, Motions and other Filings**

24        This Motion asks the Court to "renew plaintiff's complaints, motions, declarations and

25   any and all other complaines (sic), documents, evidence or other paper or things submitted

26   . . . ."   This does not meet the requirements of Rule 7 (b) of the Federal Rules of Civil

27   Procedure which requires a motion to "state with particularity the grounds therefor, and

28

1  . . . set forth the relief or order sought." Fed. R. Civ. P. 7 (b).  Plaintiff has filed seven

2  motions (not including the Application to Proceed *In Forma Pauperis*), one set of

3  Declarations, and Memoranda in support of his motions.  Plaintiff's broad request makes it

4  difficult for the Court to determine what relief he is seeking, and the Court will deny the

5  Motion.

6        In the future, Plaintiff must comply with the requirements of Rule 7 when filing a

7  motion and specify the relief or order sought.  If Plaintiff wants to renew a motion previously

8  filed and denied, he must specify by name what motion he is renewing.  The Court will strike

9  any further Motions that do not comply with this requirement.

10  **C. Motion to Expedite his Motion for an Order to Show Cause for a Preliminary**

11  **Injunction and Temporary Restraining Order**

12        This Motion apparently refers to Plaintiff's Order to Show Cause for a Preliminary

13  Injunction and Temporary Restraining Order (Doc.#5) seeking an order prohibiting

14  "Defendants, their successors in office, agents and employees and all other persons acting

15  in concert and participation from opening and inspecting plaintiff's privileged mail" outside

16  his presence and "reading plaintiff's outgoing mail and delaying, denying or in any other way

17  impeding delivery of or reading plaintiff's incoming non-privileged mail."  This Motion was

18  denied as premature by this Court in its Order of June 16, 2006.  In view of the Court's denial

19  of Plaintiff's Motion to Renew, this Motion to Expedite (Doc. #13) will be denied as moot.

20        **D.  Motion to Amend Complaint**

21        Because the Court is giving Plaintiff 30 days to file a second amended complaint

22  using the court-approved form, the Court will deny Plaintiff's Motion to Amend by filing the

23  proposed amendments (Doc. #14).

24  **VI.  Warnings**

25        **A.  Release**

26        Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

27  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

28

1  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

2  in dismissal.

3  **B.  Address Changes**

4  Plaintiff must file and serve a notice of a change of address 10 days before the move

5  is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other

6  relief with a notice of change of address.  Failure to comply may result in dismissal.

7  **C.  Copies**

8  Plaintiff must submit an additional copy of every document that he files for use by the

9  Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without

10  further notice to Plaintiff.

11  **D. Possible Dismissal**

12  Plaintiff is warned that failure to timely comply with every provision of this Order,

13  including these warnings, may result in dismissal of this action without further notice.  See

14  Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with

15  any order of the Court).

16  **IT IS ORDERED:**

17  (1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 11) is **granted**.

18  (2) As required by the accompanying Order to the appropriate government agency,

19  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $48.50.

20  (3)  Plaintiff has **30 days** from the date this Order is filed to file a second amended

21  complaint in compliance with this Order.

22  (4) If, within 30 days, Plaintiff does not file a second amended complaint, the Court

23  will screen Plaintiff's First Amended Complaint.

24  (5) Plaintiff's Motion to Renew Plaintiff's Complaints, Motions and other Filings

25  (Doc. # 12); Motion to Expedite his Motion for an Order to Show Cause for a Preliminary

26  Injunction and Temporary Restraining Order (Doc. #13); and Motion to Amend the

27  Complaint (Doc. #14) are **denied**.

28

1    (6)  Plaintiff's Motion to Declare Plaintiff "Pro Per" (Doc. #9) is **granted** to the

2    extent that the Court acknowledges that Plaintiff has filed this case *pro se* and is **denied** in

3    all other respects.

4    (7)  The Clerk of Court must mail Plaintiff the court-approved form for filing a civil

5    rights complaint by a prisoner.

6    DATED this 8th day of August, 2006.

7

8

9

10                                             Mary H. Murgula
                                        United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I. <u>General Information About the Civil Rights Complaint Form:</u>

A. <u>The Form</u>.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B. <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C. <u>The Filing Fee</u>.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D. <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

      You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this __ day of___(month)___, (year) , to:
> Name:   _____
> Address:_____
>      Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

3

counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

    1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

    2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

    3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

    4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

    5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
    Print the relief you are seeking in the space provided.

**SIGNATURE:**
    You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

    You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
(Full Name of Plaintiff)       )
             Plaintiff, )
  )
        vs. )
  )
_____ , )
  )
_____ , )
  )
_____ , )
  )
_____ , )
(Full Name of Each Defendant)   Defendant(s). )
_____ )

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
      a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
      b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
      c.   ☐ Other:  (Please specify.) _____.

2.   Name of Plaintiff: _____.
     Present mailing address: _____.
              **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

     Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    <span style="font-size:smaller">(Position and Title)                                          (Institution)</span>

    The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the first Defendant was acting under color of law: _____
    _____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    <span style="font-size:smaller">(Position and Title)                                          (Institution)</span>

    The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the second Defendant was acting under color of law: _____
    _____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    <span style="font-size:smaller">(Position and Title)                                          (Institution)</span>

    The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the third Defendant was acting under color of law: _____
    _____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    <span style="font-size:smaller">(Position and Title)                                          (Institution)</span>

    The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
    Explain how the fourth Defendant was acting under color of law: _____
    _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
    spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

    b.    Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.    Case or docket number: _____.

    d.    Claims raised: _____
_____
_____.

    e.    Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

    f.    Approximate date lawsuit was filed: _____.

    g.    Approximate date of disposition: _____.

4.    Second prior lawsuit:

    a.    Parties to previous lawsuit:
          Plaintiff: _____.
          Defendants: _____
_____.

    b.    Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.    Case or docket number: _____.

    d.    Claims raised: _____
_____
_____.

    e.    Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

    f.    Approximate date lawsuit was filed: _____.

    g.    Approximate date of disposition: _____.

5.    Third prior lawsuit:

    a.    Parties to previous lawsuit:
          Plaintiff: _____.
          Defendants: _____
_____.

    b.    Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.    Case or docket number: _____.

    d.    Claims raised: _____
_____
_____.

    e.    Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____.

    f.    Approximate date lawsuit was filed: _____.

    g.    Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)          ☐ Mail            ☐ Access to the court        ☐ Medical care
      ☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion       ☐ Retaliation
      ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                      ☐ Yes   ☐ No
      b.    Did you submit a request for administrative relief on Count I?          ☐ Yes   ☐ No
      c.    Did you appeal your request for relief on Count I to the highest level? ☐ Yes   ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____
            _____.

4

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____ .

2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)            ☐ Mail            ☐ Access to the court        ☐ Medical care
      ☐ Disciplinary proceedings       ☐ Property        ☐ Exercise of religion       ☐ Retaliation
      ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____ .

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each
      Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
      authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____ .

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                          ☐ Yes   ☐ No
      b.    Did you submit a request for administrative relief on Count II?             ☐ Yes   ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?    ☐ Yes   ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not. _____

_____ .

**COUNT III**

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.

2.    Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)        ☐ Mail        ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings        ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer        ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____.

5.    **Administrative Remedies:**
   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?        ☐ Yes   ☐ No
   b.    Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
   c.    Did you appeal your request for relief on Count III to the highest level?        ☐ Yes   ☐ No
   d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not.  _____
_____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                              SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.