**WO**  SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Fabricius,<br><br>            Plaintiff,<br><br>vs.<br><br>Maricopa County, et al.,<br><br>            Defendants. | No. CV 06-1105-PHX-MHM (CRP)<br><br>**ORDER** |

Plaintiff John Fabricius, confined in the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. Thereafter, he filed a First Amended Complaint. By Order filed August 9, 2006, the Court gave Plaintiff 30 days to file a second amended complaint rising all claims. On August 24, 2006, Plaintiff filed a Second Amended Complaint (Doc. #19). The Court will order Defendants Maricopa County, Maricopa County Board of Supervisors, Arpaio, Clifton, Blain, Wilder, Dauch, Siebert, Karas, Jane Doe A9279, and Schulz to answer Count I and Jane Doe A3967 to answer Count VII. The Court will dismiss the remaining claims and Defendants without prejudice.

Plaintiff has also filed a Motion to Join Plaintiff's State Court Complaint With Federal Complaint and a Motion for an Order Allowing Plaintiff to Maintain Possession of Legal Research and Books During Transfer from M.C.S.O. to A.D.O.C. The Court will deny both motions.

**TERMPSREF**

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Second Amended Complaint

Plaintiff names the following Defendants: (1) Maricopa County; (2) Maricopa County Board of Supervisors; (3) Maricopa County Sheriff's Office; (4) Joseph M. Arpaio; (5) Lt. Blain, Shift Commander at Lower Buckeye Jail; (6) Lt. Wilder, Shift Commander at Lower Buckeye Jail; (7) Sgt. Dauch, Shift Supervisor at Lower Buckeye Jail; (8) Sgt. Karas, Shift Supervisor at Lower Buckeye Jail; (9) Ralph Mangan, Administrator of Inmate Legal Services; (10) Lt. Eastland, Hearing Unit Commander; (11) Jane Doe A9279, D.O. at Lower Buckeye Jail; (12) Sgt. Siebert, Shift Supervisor at Lower Buckeye Jail; (13) Capt. R. Clifton, Jail Commander at Lower Buckeye Jail; (14) D.O. Shulz, D.O. at Lower Buckeye Jail; (15) Sgt. Jane Doe A3967, Bureau Hearing Officer; (16) D.O. John Doe A0001, Mail Officer at Lower Buckeye Jail; (17) D.O. Gulickers, D.O. at Lower Buckeye Jail; and (18) Captain Tate, Ancillary Services Commander at 4th Avenue Jail.

Plaintiff alleges nine grounds for relief: (1) between approximately November 27, 2005 and January 1, 2006, Defendants violated the First Amendment Establishment Clause by playing music, for no less than 10 hours per day and which was inescapable, that advanced Judeo/Christian religious doctrine; (2) Defendants have denied inmates access to the courts by failing to provide access to adequate legal research materials, denying process of non-frivolous civil rights complaints, delaying process, losing legal documents, and denying substantive assistance from trained legal professionals; (3) Defendants have denied Plaintiff access to the courts by searching his cell and seizing grievance receipts, thus preventing him from establishing that he has exhausted administrative remedies; (4) the

TERMPSREF

- 2 -

1 seizure of grievance receipts was done in retaliation for a grievance filed against Defendant
2 Jane Doe; (5) Defendants do not provide privacy in the toilets or showers, which allows
3 female correction officers to observe Plaintiff and prevents him from practicing his religion;
4 (6) Defendants have violated his constitutional rights by the "totality of the conditions" of
5 confinement; (7) Plaintiff was denied due process when no witness interviews were
6 conducted for his disciplinary hearing; (8) Defendants have opened privileged and non-
7 privileged incoming and outgoing mail outside Plaintiff's presence; and (9) Defendants
8 retaliated against Plaintiff by playing holiday music, providing minimal food, denying
9 adequate medical care, denying recreational activities, maintaining a hostile living
10 environment due to overcrowding, and failing to train staff.

11 For relief, Plaintiff requests declaratory relief and monetary damages.

## III. Improper Defendant – Maricopa County Sheriff's Office

13 The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the
14 responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
15 See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative
16 creation of the county sheriff to allow him to carry out his statutory duties and not a "person"
17 amenable to suit pursuant to § 1983.  Therefore, the Maricopa County Sheriff's Office will
18 be dismissed.

## IV.  Failure to State a Claim

### A. Count II

21 Plaintiff alleges that Defendants have denied inmates access to the courts by failing
22 to provide access to adequate legal research materials, denying process of non-frivolous civil
23 rights complaints, delaying process, losing legal documents, and denying substantive
24 assistance from trained legal professionals. Plaintiff alleges that Defendants' actions caused
25 him to file an out-of-date *in forma pauperis* (IFP) form.

26 The right of access to the courts has been acknowledged by the Supreme Court.
27 Lewis v. Casey, 518 U.S. 343, 350 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821, 828
28 (1977)).  However, the right "guarantees no particular [means to assist inmates in the

1 preparation and filing of legal papers] but rather the conferral of a capability – the capability
2 of bringing contemplated challenges to sentences or conditions of confinement before the
3 courts." Lewis, 518 U.S. at 356-57.  The right of meaningful access to the courts prohibits
4 state officials from actively interfering with inmates' attempts to prepare or file legal
5 documents.  Id. at 350. The right of access to the courts is only a right to bring petitions or
6 complaints to the federal court and not a right to discover such claims or even to litigate them
7 effectively once filed with a court. See Id. at 354; see also, Cornett v. Donovan, 51 F.3d 894,
8 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the
9 constitutional right of access requires a state to provide a law library or legal assistance only
10 during the pleading stage of a habeas or civil rights action.").

11 In addition, to establish that he was denied meaningful access to the courts, a plaintiff
12 must submit evidence showing that he suffered an "actual injury" as a result of the
13 defendants' actions.  See Lewis, 518 U.S. at 348.  An "actual injury" is "actual prejudice
14 with respect to contemplated or existing litigation, such as the inability to meet a filing
15 deadline or to present a claim."  Id.  To show actual injury with respect to contemplated
16 litigation, the plaintiff must demonstrate that the conduct of the defendants prevented him
17 from bringing to court a nonfrivolous claim that he wished to present.  Id. at 352-53.  See
18 Eldrige v. Block, 832 F.2d 1132, 1138 (9th Cir. 1987) (an inmate's complaint stated a claim
19 for denial of access to the court where the inmate alleged that he told the sheriff he was
20 fighting extradition, the sheriff denied the inmate access to the jail library, and the courts had
21 not yet determined the propriety of extradition).  The nonfrivolous claim must be a direct or
22 collateral attack on the inmate's sentence or a challenge to the conditions of his confinement.
23 Lewis, 518 U.S. at 355.  "Impairment of any *other* litigating capacity is simply one of the
24 incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.
25 (emphasis in original).

26 Here, Plaintiff makes only conclusory allegations regarding Defendants' conduct and
27 the harm – e.g. denying process, delaying process.  Although *pro se* pleadings are liberally
28 construed, Haines v. Kerner, 404 U.S. 519 (1972), conclusory and vague allegations will not

1  support a cause of action. <u>Ivey v. Board of Regents of the University of Alaska</u>, 673 F.2d
2  266, 268 (9th Cir. 1982). Moreover, as to actual harm, Plaintiff alleges only that the
3  Defendants' actions caused him to file an out-of-date IFP form, which he claims caused
4  dismissal of his Complaint. In fact, his Complaint was not dismissed; the Court permitted
5  Plaintiff to file a new *in forma pauperis* application, which it granted. Moreover, Plaintiff has
6  been able to file an original Complaint, a First Amended Complaint, and a Second Amended
7  Complaint. The facts demonstrate that Plaintiff was able to file his case; therefore, he has
8  failed to allege facts sufficient to state a claim for denial of access to the court.

9  Count II will be dismissed.

10  **B. Count III**

11  In Count III Plaintiff also alleges that Defendants have denied him access to the
12  courts. Specifically, Plaintiff alleges that Defendant Eastland targeted him for a cell search
13  for grievance receipts and Defendant Jane Doe A9792 (or Jane Doe 9279) searched his cell,
14  seized grievance receipts, and did not return the receipts thus preventing Plaintiff from
15  establishing that he has exhausted administrative remedies.

16  The right of access to the courts applies to prison grievance proceedings. <u>See</u> <u>Bradley</u>
17  <u>v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995). Moreover, a prisoner may be required to exhaust
18  the established grievance procedure before obtaining relief in federal court. <u>Id.</u> In such a
19  case, the right of access to the court depends on the ability to use the grievance system. <u>Id.</u>
20  However, exhaustion is an affirmative defense. <u>Brown v. Valoff</u>, 422 F.3d 926, 936 (9th Cir.
21  Sept. 6, 2005) (citing <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003)). Defendants
22  have the burden of raising and proving the absence of exhaustion. <u>Wyatt</u>, 315 F.3d at 1119.

23  Plaintiff's alleged harm is only speculative, not actual; he does not claim that any
24  lawsuit was actually dismissed as a result of missing grievances receipts. If Defendants raise
25  a defense of failure to exhaust, Plaintiff can use discovery to establish that he, in fact, filed
26  grievances. Count III does not state a claim and will be dismissed.

27
28

**C. Count IV**

Plaintiff alleges that the seizure of grievance receipts was done in retaliation for a grievance filed against Defendant Jane Doe.

When an inmate brings a claim of retaliation, he must allege that the prison official acted in retaliation for the exercise of a constitutionally-protected right and that the action "advanced no legitimate penological interest." Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) ("A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline."); see also, Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Actions taken in retaliation for filing lawsuits or administrative grievances violate an inmate's right of access to the courts and his First Amendment rights. Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986) (*per curiam*).

Plaintiff alleges that Defendants John Doe A2262[1] and Jane Doe A9279 retaliated against him and that Jane Doe A9279 took grievance receipts and did not return them. Plaintiff alleges that Defendants Tate, Eastland, Siebert, Blain, and Clifton are responsible through vicarious liability.

Plaintiff does not allege that the search of his cell or the seizure of the grievance receipts had no penological purpose, and the Court cannot reasonably infer such an allegation from the facts stated in the Complaint. See Rhodes v. Robinson, 612 F.2d 766, 772 (3d Cir. 1979). Moreover, there is no *respondeat superior* liability under § 1983, and, therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). Count IV does not state a claim and will be dismissed.

---

[1] John Doe A2262 is not a named Defendant in the Second Amended Complaint.

**D. Count V**

Plaintiff alleges violations of his First and Fourteenth Amendment rights because female guards may see him using the toilet or shower, and he alleges that this precludes the practice of Plaintiff's religion because his religion, Catholicism, requires modesty.

In order to "establish a free exercise [of religion] violation, [a plaintiff] must show the defendants burdened the practice of his religion . . . by preventing [the plaintiff] from engaging in conduct mandated by his faith." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). To constitute a constitutional violation, the interference with the practice of religion "must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." Id. at 737 (upholding a practice that required Muslim inmates to be shackled and sign in to attend religious services) (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

In addition, "[t]he free exercise right. . . is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (*per curiam*) (citations omitted). A prison regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987); see O'Lone v. Shabazz, 482 U.S. 342, 348 (1987). Moreover, the Ninth Circuit has recognized as legitimate both the interest in providing equal employment opportunities to women and "the security interest in deploying available staff effectively." Michenfelder v. Sumner, 860 F.2d 328, 334 (9th Cir. 1988)(holding that prison officials did not violate the Fourth or Eighth Amendments by using women guards who could observe male inmates while inmates were being strip searched and in the showers).

Here, even assuming that Plaintiff could demonstrate that the privacy he seeks is a central tenet of Catholic religious doctrine, he has not alleged that the lack of privacy in bathrooms and showers or use of female detention officers is unrelated to "legitimate penological interests." Count V fails to state a claim and will be dismissed.

**E. Count VI**

Plaintiff alleges that Defendants have violated his constitutional rights by the "totality of the conditions" of confinement, including "population/housing, recreation, day room access, privileged and non-privileged mail, sanitation and toilet facilities, access to the courts and law library, medical dental and psychiatric care, inmate classification and segregation, food, staff members training and screening, facilities for the handicapped, inmate grievance policy, discipline and security overrides."

Specific allegations regarding the conditions of confinement can state claims cognizable under § 1983. Prison officials may not deprive prisoners of basic necessities of life, Hoptowit v. Ray, 682 F.2d 1237, 1258 (9th Cir. 1982), but "an institution's [constitutional] obligation. . . is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981). "To find an Eighth Amendment violation, courts must identify specific conditions that fail to meet Eighth Amendment requirements." Hoptowit, 682 F.2d at 1247. Courts may not "rely on a vague conclusion that the 'totality of conditions' violates the Eighth Amendment." Id. Therefore, Plaintiff must allege a sufficient factual basis for each alleged conditions-of-confinement violation for the Court to determine whether Plaintiff states a non-frivolous claim. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, Plaintiff has failed to allege any facts regarding any of the claimed inadequate conditions of confinement. Because Plaintiff has failed to allege a sufficient factual basis for his claim, Count VI will be dismissed.

**F. Count VIII**

In Count VIII, Plaintiff alleges that Defendants have opened privileged and non-privileged incoming and outgoing mail outside Plaintiff's presence. He states that "M.C.S.O. officials have delivered Plaintiff's legal mail opened outside of his presence on more than [25] occasions. . . ." He alleges that "MCSO personnel" seize, open and read the mail. Plaintiff states that "[l]iability [is] shared by Defendants Clifton, Wilder, D.O. 0001 and other officers of M.C.S.O."

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant, and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Here, Plaintiff alleges no specific conduct by Defendants Clifton, Wilder, or D.O. 0001. Conclusory allegations that these Defendants "share liability" are insufficient to state claims against them. Count VIII will be dismissed.

### G.  Count IX

In Count IX, Plaintiff alleges that Defendants retaliated against him by playing holiday music, providing minimal food, denying adequate medical care, denying recreational activities, maintaining a hostile living environment due to overcrowding, and failing to train staff. This Count is largely duplicative of Count VI and suffers from the same lack of specific facts regarding the conditions or conduct alleged. Count IX fails to state a claim and will be dismissed.

### V.  Claims for Which An Answer Will Be Required

Count I states a claim against Defendants Maricopa County, Maricopa County Board of Supervisors, Arpaio, Clifton, Blain, Wilder, Dauch, Karas, Jane Doe A9729, Siebert, and Schulz. Count VII states a claim against Jane Doe A3967. The Court will require these Defendants to answer the respective Counts.

### VI.  Motions

#### A. Motion to Join Plaintiff's State Court Complaint With Federal Complaint

In this Motion, Plaintiff asks to remove tort complaint CV 2006-002206 from Maricopa County Superior Court to federal court to be litigated "in tandem" with the present case. Plaintiff alleges that both complaints are based on the same acts and omissions by the same Defendants, but Plaintiff has not attached a copy of the state court complaint for the Court's review. Moreover, most of Plaintiff's claims in the present § 1983 action will be dismissed for failure to state a claim. When federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without

TERMPSREF

- 9 -

prejudice. Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994). The Court will deny the Motion.

**B. Motion for an Order Allowing Plaintiff to Maintain Possession of Legal Research and Books During Transfer from M.C.S.O. to A.D.O.C.**

Plaintiff has filed a Motion for Order for Plaintiff to Keep Legal Research Materials in Transfer to A.D.O.C. Plaintiff alleges that, pursuant to a policy of the Arizona Department of Corrections (A.D.O.C.), which is implemented by the Maricopa County Sheriff's Office, he will not be permitted to keep certain legal research materials when he transfers from the Maricopa County Jail to the custody of A.D.O.C. Plaintiff asks the Court to order Defendants to permit him to keep the research materials.

It is well-settled that "[p]rison officials should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-22 (1986) (citing Bell v. Wolfish, 441 U.S. 520, 547 (1979)). The deference accorded to prison officials extends to "prophylactic or preventive measures" intended to maintain order and security. Whitley, 475 U.S. at 322.

Plaintiff has not challenged the A.D.O.C. policy in the Second Amended Complaint. In addition, the named Defendants do not include any officials of the Arizona Department of Corrections. The Court will deny the motion.

**VII. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal.

**B. Address Changes**

1  Plaintiff must file and serve a notice of a change of address 10 days before the move
2  is effective, if practicable. See LRCiv 83.3(d). Plaintiff must not include a motion for other
3  relief with a notice of change of address. Failure to comply may result in dismissal.

### C. Copies

5  Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy
6  of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by
7  a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff
8  must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court
9  may strike any filing that fails to comply with these requirements.

### D. Possible Dismissal

11  Plaintiff is warned that failure to timely comply with every provision of this Order,
12  including these warnings, may result in dismissal of this action without further notice. See
13  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action
14  for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants Maricopa County Sheriff's Office, Mangan, Eastland, John Doe A 0001, Gulickers, and Tate are **dismissed** without prejudice.

(2) Counts II, III, IV, V, VI, VIII, and IX of the Complaint are **dismissed**.

(3) The Motion to Join Plaintiff's State Court Complaint With Federal Complaint (Doc. # 20) is **denied** and the Motion for an Order Allowing Plaintiff to Maintain Possession of Legal Research and Books During Transfer from M.C.S.O. to A.D.O.C. (Doc. #21) is **denied**.

(4) Defendants Maricopa County, Maricopa County Board of Supervisors, Arpaio, Clifton, Blain, Wilder, Dauch, Siebert, Karas, Jane Doe A9279, and Schulz are required to answer Count I and Defendant Jane Doe A3967 is required to answer Count VII.

(5) The Clerk of Court shall send Plaintiff a service packet including the Second Amended Complaint (Doc. #19), this Order, and both summons and request for waiver forms

for Defendants Maricopa County, Maricopa County Board of Supervisors, Arpaio, Clifton, Blain, Wilder, Dauch, Siebert, Karas, Jane Doe, A9279, Schulz, and Jane Doe A3967.

(6) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on the Defendants within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(8) The United States Marshal shall retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) Personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and Rule 4(j)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying

additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendants shall answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) Any answer or responsive pleading shall state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Charles R. Pyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 14th day of September, 2006.

_____
Mary H. Murguia
United States District Judge