**WO**                                                                                                          SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Fabricius, | No. CV 06-1105-PHX-MHM (CRP) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

This is a civil rights case filed by an inmate. By Order filed September 18, 2006 (Doc. #22), the Court dismissed Counts II, III, IV, V, VI, VIII, and IX and various Defendants. On November 2, 2006, Plaintiff filed a Motion for Reconsideration or in the alternative Motion for Leave to Amend (Doc. #28).

The Court will deny the Motion for Reconsideration. The Court will also deny the Motion for Leave to Amend; this denial is without prejudice to filing a motion that complies with Local Rule of Civil Procedure 15.1(a).

**I.     Background**

Plaintiff filed a Complaint on April 20, 2006. Before the Court could screen the Complaint pursuant to 28 U.S.C. 1915A(a), Plaintiff filed a First Amended Complaint. On August 8, 2006, the Court gave Plaintiff 30 days to file a Second Amended Complaint because the amendments were not on the court-approved form and it appeared from the contents of the amendments that Plaintiff intended the First Amended Complaint to

supplement the original Complaint. Plaintiff filed a Second Amended Complaint. In his Second Amended Complaint, Plaintiff named 18 defendants and raised 9 counts. Counts II and III alleged denial of access to the courts. Count V alleged violation of Plaintiff's First and Fourteenth Amendment rights to exercise his religion as a result of failure to provide privacy from female detention officers who can view Plaintiff in the shower and toilet. The Court dismissed these claims and others, as well as Defendants against whom Plaintiff alleged liability as supervisors.[1]

Plaintiff seeks reconsideration of the dismissal of Counts II, III, and V and unspecified Defendants in Counts II, III, IV, V, VI, VIII, and IX. He requests leave to amend Counts IV, VI, VIII, and IX. Plaintiff has not included a proposed Third Amended Complaint.

**II.    Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)).

With regard to his claims of denial of access to the courts, Plaintiff argues that he was denied access to a law library and qualified trained legal professionals in connection with filing a civil rights complaint and a negligence complaint (Count II) and that his grievance receipts were stolen, which affects his ability to defend a motion to dismiss for lack of exhaustion (Count III). However, as the Court stated in its Order, a claim for denial of access

---

[1]The Court ordered the remaining Defendants to answer Counts I and VII.

- 2 -

to the courts requires an allegation of actual injury—that is, Plaintiff must allege that he was *prevented* from bringing a nonfrivilous claim. Lewis v. Casey, 518 U.S. 343, 348 (1996). The specific "harm" alleged in Count II was providing Plaintiff an out-of-date IFP form, but the Court allowed Plaintiff to file a new form. The harm alleged in Count III is speculative, not actual. On reconsideration, Plaintiff does not argue that he made an allegation of actual harm in either of these claims.

With regard to Plaintiff's claim for violation of his First and Fourteenth Amendment rights due to lack of privacy, Plaintiff misquotes the Court, claiming that the Court stated that Plaintiff "could not demonstrate . . . that the lack of privacy in bathrooms and showers is unrelated to 'legitimate penological interests.'" In fact, the Court stated that Plaintiff had not *alleged* that the practice was unrelated to legitimate penological interests. A prison regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 78, 79 (1987). Without an allegation regarding lack of penological justification for the practice, Plaintiff failed to state a claim for denial of his constitutional rights. The Count noted that use of female detention officers has been found to be reasonable in other contexts raising privacy concerns. Michenfelder v. Summer, 860 F.2d 328, 334 (9th Cir. 1988). Plaintiff's arguments regarding the Religious Land Use and Institutionalized Persons Act (RLUIPA) are irrelevant to reconsideration—Plaintiff's Second Amended Complaint raised no claims under RLUIPA.

Plaintiff argues that he "alleges direct, vicarious or shared liability with various Defendants named in . . . counts [II, III, IV, V, VI, VIII, and IX]." Plaintiff cites cases where supervisors may be held liable for violations. However, Plaintiff points to no facts alleged in the Second Amended Complaint that would establish liability under any of the theories suggested in the cited case law. Finally, Plaintiff argues generally that he provided fair notice of the bases of his claims and that the court-approved forms provided only limited space to present his claims. The Court rejects these arguments—some of Plaintiff's claims lacked specific facts regarding named Defendants, others, as discussed above, failed to allege

- 3 -

1 elements of the claims, and many were vague and conclusory.  Moreover, Plaintiff's Second
2 Amended Complaint was 27 pages long because he used additional pages.
3      Having considered Plaintiff's arguments, the Court finds no basis to alter or amend
4 the Order dismissing Counts II, III, IV, V, VI, VIII, and XI and various Defendants from
5 Plaintiff's case.

**III.   Leave to Amend**

7      Plaintiff moves, in the alternative, for leave to amend.  Plaintiff is advised that Local
8 Rule of Civil Procedure 15.1(a) requires that a party who moves for leave to amend must
9 attach a copy of the proposed amended pleading as an exhibit to the motion. LRCiv 15.1(a).
10 Plaintiff did not attach a proposed amended complaint to his Motion.  Therefore, Plaintiff's
11 Motion for Leave to File an Amended Complaint is denied without prejudice, and Plaintiff
12 may file a new motion to amend that complies with the requirements of Local Rule 15.1(a).
13      Accordingly,
14      **IT IS ORDERED** that Plaintiff's Motion for Reconsideration or in the alternative
15 Motion for Leave to Amend (Doc. #28) is **denied** with respect to reconsideration and **denied**
16 **without prejudice** with respect to leave to amend.
17      DATED this 22nd day of May, 2007.

_____
Mary H. Murguia
United States District Judge

- 4 -