**WO** BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Fabricius,<br><br>    Plaintiff,<br><br>vs.<br><br>Maricopa County, et al.,<br><br>    Defendant. | No. CV 06-1105-PHX-MHM (CRP)<br><br>**ORDER ON MOTIONS**<br><br>**AND**<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff John Fabricius filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that (1) Maricopa County, Maricopa County Board of Supervisors, Sheriff Joseph Arpaio, Lieutenant Blain, Lieutenant Wilder, Sergeant Dauch, Sergeant Karas, Jane Doe A9279, Sergeant Siebert, Captain R. Clifton, and D.O. Shultz violated his First Amendment rights by playing Christmas music and thereby advancing a Judeo/Christian religious doctrine, and (2) Sergeant Jane Doe A3967 violated his due process rights by failing to conduct witnesses interviews for his disciplinary hearing (Doc. #19).[1]

Defendants filed a Motion to Dismiss Maricopa County and the Maricopa County Board of Supervisors, and a Motion for Summary Judgment on the grounds that Plaintiff failed to exhaust his administrative remedies (Docs. ##41, 43). The Court will construe the Motion for Summary Judgment as a Motion to Dismiss for Failure to Exhaust, grant it as to Count I and deny it as to Count II. Because the Court is dismissing Count I due to Plaintiff's

---

[1] The remaining Defendants and Counts were dismissed pursuant to 42 U.S.C. § 1915A(a) (Doc. #22).

**JDDL**

failure to exhaust, Defendants' Motion to Dismiss Maricopa County and Maricopa County Board of Supervisors will be denied as unnecessary.

Plaintiff has moved to amend his complaint, for appointed counsel, and for a ruling on a previously filed motion (Docs. ##46, 48, 55). Plaintiff's Motions to Amend and for Appointment of Counsel will be denied without prejudice, and his Motion for Ruling will be denied as moot. The Court will dismiss without prejudice Maricopa County, Maricopa County Board of Supervisors, Sheriff Joseph Arpaio, Lieutenant Blain, Lieutenant Wilder, Sergeant Dauch, Sergeant Karas, Jane Doe A9279, Sergeant Siebert, Captain R. Clifton, D.O. Shultz, and Count I. The Court will order Plaintiff to show cause why Sergeant Jane Doe A3967 and Count VII should not be dismissed due to Plaintiff's failure to serve Jane Doe A3967.

## I. Defendants' Motions

### A. Motion for Summary Judgment

Plaintiff John Fabricius alleged that his constitutional rights were violated because (1) he was forced to listen to Christmas music which advanced a Judeo/Christian religious doctrine, and (2) his due process rights were violated during a disciplinary hearing (Doc. #19). Defendants moved to dismiss Plaintiff's Complaint due to his failure to exhaust his administrative remedies (Doc. #43). Defendants argue that although Plaintiff submitted inmate grievances as to both claims, he failed to file an External Appeal (id.).

A challenge to a § 1983 action due to the failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). This is primarily because summary judgment is granted on the merits, while a "dismissal of an action on the ground of failure to exhaust administrative remedies is not." Id. at 1119 (citations omitted). Although Defendants seek summary judgment, their motion is more properly considered as a Rule 12(b) motion to dismiss. Accordingly, the Motion for Summary Judgment will be construed as a Motion to Dismiss for failure to exhaust.

JDDL

- 2 -

### 1. Legal Standard

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir.), cert denied 127 S.Ct. 232 (2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

An inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. An inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final (Doc. #44, ex. B).

### a. Count I

Plaintiff filed an inmate grievance complaining that a Christian religious doctrine was being forced upon him through the playing of Christmas music (Doc. #44, ex. C). The line

1 officer responded that this claim was not grievable (id.). Plaintiff appealed this determination 2 to the Shift Supervisor Level and then to the Bureau Hearing Officer Level (id.). The Bureau 3 Hearing Officer addressed the grievance on the merits (id.). The grievance form indicated 4 that Plaintiff could appeal this decision to the Jail Commander (id.). Plaintiff failed appeal 5 the decision (id., ex. D).

6 Plaintiff declared that he filed in an internal grievance and internal and external 7 appeals "in compliance with the stipulations of the Inmate Grievance Policy" (Doc. #50). 8 However, the record contradicts Plaintiff's statement. The evidence before the Court 9 demonstrates that Plaintiff did not appeal the Bureau Hearing Officer's denial of his 10 grievance as to Count I. Plaintiff has not introduced any documents to dispute this 11 conclusion. Accordingly, because the record demonstrates that Plaintiff failed to exhaust his 12 administrative remedies as to Count I, Defendants' Motion to Dismiss Count I will be 13 granted.

14 **b.  Count VII**

15 Plaintiff failed an inmate grievance complaining about the lack of due process at his 16 disciplinary hearing (Doc. #44, ex. C). Plaintiff appealed the denial of his grievance to the 17 Jail Commander level, but failed to file an external appeal (id. ex. C, D). Plaintiff did, 18 however, appeal the disciplinary decision by filing an Inmate Institutional Disciplinary 19 Appeal (id. ex. C).

20 Plaintiff declared that he filed in an internal grievance and internal and external 21 appeals "in compliance with the stipulations of the Inmate Grievance Policy" (Doc. #50). 22 The record demonstrates that Plaintiff filed an inmate grievance with regard to his due 23 process claim, but did not appeal the denial of his grievance to the External Referee. 24 However, the record demonstrates that Plaintiff was not required to file an inmate grievance 25 with regard to the disciplinary hearing. The Rules and Regulations for Inmates specifically 26 provide that an inmate "CANNOT grieve disciplinary actions" (Doc. #44, ex. A). Plaintiff 27 did appeal his disciplinary action by filing an Inmate Institutional Disciplinary Appeal. Thus, 28

**JDDL**

- 4 -

1 because Plaintiff appealed the disciplinary decision and was not required to file an inmate
2 grievance, Defendants' Motion to Dismiss Count VII will be denied.

### B. Motion to Dismiss

Defendants have also moved to dismiss Maricopa County because it is statutorily not responsible for the operation of the jails, Maricopa County Board of Supervisors as a non-jural entity, and Count I because Plaintiff failed to allege a physical injury pursuant to 42 U.S.C. § 1997e(e) (Doc. #41). The Court is dismissing Count I because Plaintiff failed to exhaust his administrative remedies. Maricopa County and Maricopa County Board of Supervisors are only listed as Defendants as to Count I. Thus, Defendants' Motion to Dismiss Maricopa County, Maricopa County Board of Supervisors, and Count I will be denied as unnecessary.

### C. Failure to Serve

"If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m). In April 2006, Plaintiff named as a Defendant Jane Doe #A3967 and attempted to serve her at the prison (Docs. ##19, 51). The summons was returned unexecuted due to Maricopa County Sheriff's Offices' inability to identify the officer (Doc. #51). Plaintiff did not attempt to provide any additional information in an attempt to serve the officer. Accordingly, Plaintiff has 30 days from the date of this order to either serve Jane Doe #A3967 or show cause why this action should not be dismissed due to Plaintiff's failure to serve her.

## II. Plaintiff's Motions

### A. Motion to Amend

Plaintiff has filed a Motion to Amend his Complaint, asserting that he wants to allege that Defendants' actions also violated the Arizona State Constitution and seeking supplemental jurisdiction (Doc. #46). Plaintiff lodged a proposed amended complaint (Doc. #47).

**JDDL**

- 5 -

A party may amend his complaint once as a matter of right at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). However, because Plaintiff has already amended his complaint once, he must seek leave of the Court to file a Second Amended Complaint. Fed.R.Civ.P. 15(a). Leave shall be given when justice so requires. Fed.R.Civ.P. 15(a). The Court will deny the request because Plaintiff's lodged proposed Amended Complaint includes unexhausted claims and claims to which the Court will decline to exercise supplemental jurisdiction.

A federal district court may exercise supplemental jurisdiction over claims forming part of the same case or controversy as those in which it has original jurisdiction. Jinks v. Richland County, S.C., 538 U.S. 456, 459 (2003). However, the Court may decline supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c). Plaintiff's § 1983 action is proceeding as to only Count VII and a single defendant. Although the Court could exercise supplemental jurisdiction over Count I to the extent Plaintiff is seeking to vindicate a state right, that Count, along with the 11 additional defendants, would substantially predominate over Plaintiff's § 1983 action. Therefore, the Court declines to exercise supplemental jurisdiction and deny Plaintiff's request to amend his complaint.

**B. Motion for Appointment of Counsel**

Plaintiff has requested appointment of counsel, arguing that his imprisonment greatly limits his ability to litigate his action, the case is complex, and he has requested a jury trial which will require significant investigation and expertise (Doc. #48). The Court may request an attorney to represent any person unable to afford counsel. 28 U.S.C. § 1915(e). However, there is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986).

Plaintiff has not demonstrated that he is entitled to appointment of counsel. Plaintiff is in no different a position than other *pro se* litigations who have brought nearly identical claims. Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. #48) will be denied.

### C. Motion for Disposition

Plaintiff filed a motion requesting a disposition of a previously filed motion (Doc. #55). Because the Court ruled on his previously filed motion in May 2007, the instant motion will be denied as moot.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn with respect to Defendants' Motion to Dismiss (Doc. #41), Plaintiff's Motions to Amend (Doc. # 46). for Appointment of Counsel (Doc. #48) and to Request Disposition of Previously Filed Motion (Doc. #55). All other matters in this action remain with the Magistrate Judge for disposition as appropriate.

(2) Defendants' Motion for Summary Judgment (Doc. #43) is construed as a Motion to Dismiss.

(3) Defendants' Motion to Dismiss (Doc. #43) is **granted in part**. The Clerk of Court shall dismiss Count I and Defendants Maricopa County, Maricopa County Board of Supervisors, Sheriff Joseph Arpaio, Lieutenant Blain, Lieutenant Wilder, Sergeant Dauch, Sergeant Karas, Jane Doe A9279, Sergeant Siebert, Captain R. Clifton, and D.O. Shultz without prejudice due to Plaintiff's failure to exhaust his administrative remedies.

(4) Defendants' Motion to Dismiss (Doc. #43) is **denied** as to Plaintiff's Sergeant Jane Doe A3967 and Count VII.

(5) Defendants' Motion to Dismiss (Doc. #41) is **denied as unnecessary**.

(6) Plaintiff's Motions to Amend (Doc. # 46) and for Appointment of Counsel (Doc. #48) are **denied without prejudice**

(7) Plaintiff's Motion to Request Disposition of Previously Filed Motion (Doc. #55) is **denied as moot.**

(8) Within 30 days from the date of this Order Plaintiff must either serve Jane Doe #A3967 with his Complaint or show cause why Jane Doe #A3967 should not be dismissed without prejudice.

(9) If, within 30 days from the date of this Order, Plaintiff fails to serve Jane Doe #A3967 or show cause why they should not be dismissed, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.

DATED this 10th day of July, 2007.



Mary H. Murgia
United States District Judge

- 8 -