**WO**                                                                                              SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Fabricius, | ) | No. CV 06-1105-PHX-MHM (CRP) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Maricopa County, et al., | ) ) | |
| Defendants. | ) ) ) | |

In November 2007, Plaintiff filed a Motion to Alter or Amend Judgment; the Judgment was entered on July 10, 2007.[1] (Doc. #68.) Under Local Rule Civil 7.2(g), no response to a motion for reconsideration may be filed unless ordered by the Court. By Order dated March 3, 2008, the Court permitted a response in this case. (Doc. #71.) Defendants responded, and Plaintiff replied. (Doc. ##72, 77.)

The Court will grant the Motion to Alter or Amend Judgment. The Court will vacate the Order dismissing Count I and deny Defendants' motion for summary judgment on Count I for failure to exhaust. (Doc. #43.) The Court will deny Defendant's motion to dismiss the Board of Supervisors, Maricopa County and Count I. (Doc. #41.)

**I.    Background**

Plaintiff John Fabricius filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983

---

[1] The Order dated July 10, 2007 was not sent to Plaintiff until October 30, 2007. (Doc. #66.)

alleging that (1) Maricopa County, the Maricopa County Board of Supervisors, Sheriff Joseph Arpaio, Lieutenant Blain, Lieutenant Wilder, Sergeant Dauch, Sergeant Karas, Jane Doe A9279, Sergeant Siebert, Captain R. Clifton, and D.O. Shultz violated his First Amendment rights by playing Christmas music daily for at least 10 consecutive hours and thereby advancing a Judeo/Christian religious doctrine and (2) Sergeant Jane Doe A3967 violated his due process rights by failing to conduct witnesses interviews for his disciplinary hearing.[2]  (Doc. #19.)

Defendants filed a motion to dismiss (1) the Maricopa County Board of Supervisors, as a non-jural entity, (2) Maricopa County, as not responsible for the operations of the jails, and (3) Count I on the ground that there was no physical injury. (Doc. #41.)  They also filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies.  (Doc. #43.)  The Court construed the motion for summary judgment as a motion to dismiss for failure to exhaust and granted it as to Count I and denied it as to Count VII. (Doc. #58.)  Because the Court dismissed Count I due to Plaintiff's failure to exhaust and because Maricopa County and the Maricopa County Board of Supervisors were Defendants only in Count I, Defendants' motion to dismiss Maricopa County and the Maricopa County Board of Supervisors and to dismiss Count I on the ground that there was no physical injury was denied as unnecessary.

## II.   Motion for Reconsideration

### A.   Legal Standard

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988).  Nor is

---

[2]The remaining Defendants and Counts were dismissed pursuant to 42 U.S.C. § 1915A(a) (Doc. #22).

1 reconsideration to be used to ask the court to rethink what it has already thought through. United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998). Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah County, 5 F.3d at 1263. "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

### B.     Parties' Contentions

Plaintiff asserts that the Court found that Plaintiff failed to appeal the decision of the Bureau Hearing Officer to the Jail Commander. (Doc. #68 at 6; see Doc. #58 at 4.) He argues that this is incorrect because Defendants did not argue that Plaintiff failed to appeal to the Jail Commander; they alleged that he failed to file an External Appeal. (Doc. #68 at 6; see Doc. #43 at 4.) He asserts that he did appeal to the Jail Commander, who did not respond to the grievance. Plaintiff argues that he then filed a timely appeal to the External Referee and that he attached the receipt of this appeal as Exhibit A to his response to Defendants' motion. (Doc. #68 at 7; see Doc. #54, Ex. A.)

In her affidavit in support of Defendants' motion to dismiss for failure to exhaust remedies, Sergeant Susan Fisher attested that she had searched the inmate grievance records for Plaintiff and those records indicated that he did not file any External Grievance Appeal on his complaint concerning the playing of Judeo/Christian holiday music. (Doc. #44, Ex. D. Fisher Aff. ¶¶ 7-8.) She did not claim that Plaintiff failed to file a grievance appeal to the Jail Commander. In their response to the motion for reconsideration, Defendants argue that Sergeant Fisher attested that Plaintiff did not file any grievances regarding his First Amendment right of religious expression. (Doc. #72 at 2.) This is inaccurate; she asserted only that Plaintiff did not file an External Grievance Appeal. (Fisher Aff. ¶¶ 7-8.)

Plaintiff demonstrates that reconsideration is appropriate. His Exhibit A, which was submitted with his response to Defendants' motion to dismiss, is an appeal to the External

1 Referee. (Doc. #54, Ex. A.) It shows that it was received by Corrections Officer No. 80022 2 on February 24, 2006, and it appeals the Sheriff's policy of forcing inmates to listen to 3 Judeo/Christian religious doctrine. (Id.) Defendants do not dispute the authenticity of this 4 document or argue that it did not put them on notice of Plaintiff's claim or that it was 5 untimely; they do not address it at all—either in the reply to the motion to dismiss or in the 6 response to the motion for reconsideration. Defendants bear the burden of raising and 7 proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). 8 The Court finds that Defendants did not meet their burden to establish failure to exhaust 9 administrative remedies on this claim.

10 **III.   Defendants' Motion to Dismiss**

11 As stated above, Defendants moved to dismiss (1) the Maricopa County Board of 12 Supervisors, as a non-jural entity, (2) Maricopa County, as not responsible for the operations 13 of the jails, and (3) Count I on the ground that there was no physical injury. (Doc. #41.) 14 The Court did not reach these issues in its prior Order but will consider them now.

15 **A.   Legal Standard**

16 A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. North 17 Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the 18 complaint, or any claim within it, can be based on the lack sufficient facts or the lack of a 19 cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 20 1990). In determining whether the allegations in a complaint state a claim, the Court must 21 take the allegations of material fact as true and construe them in the light most favorable to 22 the plaintiff. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (*per curiam*).

23 **B.   Maricopa County Board of Supervisors**

24 The Board of Supervisors' motion rests on whether it is a entity that may be sued. 25 The Ninth Circuit has held that under Federal Rule of Civil Procedure 17(b), state law 26 determines if a named party may sue or be sued. See e.g., Streit v. County of Los Angeles, 27 236 F.3d 552, 565 (9th Cir. 2001); Shaw v. State of Cal. Dep't of Alcoholic Beverages 28 Control, 788 F.2d 600, 604 (9th Cir. 1986). Defendants contend that the Board of

- 4 -

1 Supervisors is not an entity that can sue or be sued. (Doc. #41 at 3-4.)  They assert that it is
2 not incorporated, is not a municipality, has no separate funding or bank account, and no
3 governing body.  (Id.)

4       Arizona statutory law reflects that a county board of supervisors has the capacity to
5 sue and to be sued.  Section 11-201(A)(1) provides in relevant part that "[t]he powers of a
6 county shall be exercised only by the board of supervisors or by agents and officers acting
7 under its authority and authority of law" and that "[i]t has the power to: 1. Sue and be sued."
8 Ariz. Rev. Stat. Ann. § 11-201(A)(1) (2001).  Section 11-251 further provides that:

> [A county] board of supervisors, under such limitations and restrictions as are prescribed by law, may:
>
>     14.  Direct and control the prosecution and defense of all actions to which the county is a party, and compromise them.
> . . . .
>     30.  Do and perform all other acts and things necessary to the full discharge of its duties as the legislative authority of the county government.
>     31.  Make and enforce all local, police, sanitary and other regulations not in conflict with general law.

Id. § 11-251.

These provisions make clear that a county board of supervisors exercises county authority with respect to county jails and that it has both the power to sue and to be sued and to direct prosecution or defense of a suit.  See e.g., League of Arizona Cities and Towns v. Brewer, 146 P.3d 58 (Ariz. 2006) (suing every Arizona county board of supervisors); Martineau v. Maricopa County, 86 P.3d 912 (Ariz. App. 2004) (suing the Maricopa County Board of Supervisors); Southwest Gas Corp. v. Mohave County, 937 P.2d 696 (Ariz. App. 1997) (suing the Mohave County Board of Supervisors); Cochise County ex rel. Riley v. Board of Sup'rs of Cochise County, 442 P.2d 129, 133 (Ariz. App. 1968) (county board of supervisors has authority to control litigation). The Board cites no relevant Arizona authority to the contrary.

More importantly, municipalities and other local governing bodies constitute "persons" who may be sued under § 1983.  Monell v. New York City Dept. of Social Services, 436 U.S. 686, 690-91 (1978). The Board of Supervisors is a local governing body.

See Ariz. Rev. Stat. § 11-251 *et seq.* To maintain a § 1983 claim against a local governing body, the plaintiff must establish a "policy or custom" attributable to the body and allege that the policy or custom was the "moving force" behind the constitutional deprivation. Monell, 436 U.S. at 691-94. Plaintiff's allegations sufficiently allege the requisite culpability and causation against the Board of Supervisors to state a claim under § 1983. (See Doc. #19 at 4.)

For these reasons, Defendants' request for dismissal on the grounds that the Board of Supervisors is a non-jural entity and that it is not responsible for the operation of the jails will be denied.

### C. Maricopa County

Defendants also maintain that Maricopa County is not liable because the responsibility for operating the jail is, by law, placed on the sheriff, not the County. (Doc. #41 at 4.) They argue that the County cannot be liable under a theory of *respondeat superior*. (Id.)

When a person is sued in an official capacity, the real party in interest is the entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). In this case, that entity is Maricopa County. The actions of individuals may support liability only if the employees were acting pursuant to an official policy or custom of the municipality or if the person causing the violation has final policy-making authority. Botello v. Gammick, 413 F.3d 971, 978-79 (9th Cir. 2005); Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). A decision properly made by a local governmental entity's authorized decision maker—that is, an official with final authority to establish policy with respect to the challenged action—may constitute official policy. Thompson v. City of Los Angeles, 885 F2d 1439, 1443 (9th Cir. 1989). Plaintiff must allege, as a matter of law, that the policy or custom caused him to suffer constitutional injury. Sadoski v. Mosley, 435 F.3d

1076, 1080 (9th Cir. 2006). Plaintiff alleged that Arpaio, the Sheriff, developed, implemented, and enforced the policy of playing Judeo/Christian music. (Doc. #19 at 9.) Defendants do not argue that Arpaio does not have final policy-making authority concerning the jail. The Court will deny the motion to dismiss Maricopa County.

### D. No Physical Injury

Finally, Defendant argues that Plaintiff fails to state a claim for the playing of Judeo-Christian music because the claim lacks a physical injury. (Doc. # 41 at 2.) The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Ninth Circuit has specifically held that this provision does not apply to First Amendment claims:

> The deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred. Therefore, § 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought.

Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998). Plaintiff brought his claim under the First Amendment. (Doc. #19 at 9.) The motion to dismiss Count I will be denied.

### IV. Miscellaneous Motions

In his motion for reconsideration, Plaintiff states that he "renews" his motion for appointment of counsel (Doc. #63), motion for leave to file a third amended complaint (Doc. #59), and motion to enter affidavits as exhibits (Doc. #62). The Court has already denied these motions. (Doc. #66.) Because the denials were without prejudice, Plaintiff can refile the motions, and Defendants may respond.

**IT IS ORDERED:**

(1) Plaintiff's Motion to Alter or Amend Judgment (Doc. #68) is **granted**.

(2) The Order dated July 12, 2007 (Doc. #58) is **vacated** to the extent that it denied Defendants' motion to dismiss (Doc. #41) as unnecessary and to the extent that it dismissed Count I and Defendants Arpiao, Lieutenant Blain, Lieutenant Wilder, Sergeant Dauch, Sergeant Karas, Jane Doe A9279, Sergeant Siebert, Captain R. Clifton, D.O. Shultz,

Maricopa County, and the Maricopa County Board of Supervisors pursuant to Defendants' motion for summary judgment (Doc. #43.). The Clerk of Court must reinstate Count I and these Defendants.

(3) Defendants' Motion for Summary Judgment (Doc. #43), construed as a Motion to Dismiss for failure to exhaust remedies, is **denied** as to Count I.

(4) Defendants' Motion to Dismiss (Doc. #41) is **denied**.

DATED this 2nd day of May, 2008.

_____
Mary H. Murguia
United States District Judge